**Marion GARVEY, Plaintiff,**

v.

**SERVICEMEN'S GROUP LIFE INSURANCE, Defendant.**

**Civ. No. 83–0021.**

United States District Court, M.D. Pennsylvania, Scranton Division.

March 28, 1984.

John Barry Beemer, Clarks Summit, Pa., for plaintiff.

Peter C. Paul, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Plaintiff Marion Garvey is the beneficiary of a life insurance policy issued to her husband, John J. Garvey, through the Veteran's Administration. The Defendant, Servicemen's Group Life Insurance (SGLI), does not contest her entitlement to benefits under the policy *per se*, but does dispute her claimed entitlement to a certain amount under the policy, said amount representing an increase in maximum coverage enacted by Congress after a change in the decedent's military status, but before his demise. The parties agree to the facts, and have submitted a stipulation to that effect. They also agree that the issue involved is one of statutory interpretation. Thus, cross-motions for summary judgment have been filed and briefed. The motions are now ripe for our consideration. After careful review, we conclude that Plaintiff is entitled to receive only that amount pre-scribed in the subject legislation in effect at the time of her decedent spouse's change in military status, and not the increase contained in the thereafter enacted amendments. Our reasons for so holding follow a recitation of the stipulated facts.

1. The insurance policy involved in this lawsuit is Group Policy No. G–3200 which was issued by Defendant to the Veterans Administration as the policy holder, which provides term life insurance for eligible members of the uniformed services of the United States.

2. Plaintiff is the wife of John J. Garvey and the named beneficiary of Mr. Garvey's term life insurance coverage issued by the Defendant to eligible "members" of the uniformed service of the United States.

3. Defendant is an administrative office of the Prudential Insurance Company of America which administers the group term life insurance coverage provided by the Veterans Administration to eligible "members" of the uniformed services of the United States.

4. The terms and conditions of said group policy were established pursuant to and are controlled by the provisions of 38 U.S.C. § 765 *et seq.*

5. The requirements for classification as an eligible "member" of the coverage group under the Servicemen's Group Life Insurance statutory scheme are set forth in 38 U.S.C. § 767(5)(B).

6. Until July 17, 1981, Plaintiff's husband, John J. Garvey was assigned to a unit of the Ready Reserve of the United States Navy in which he was required to perform active duty for training. As such he met the requirements for "member" classification set forth in the aforementioned statute.

7. Effective July 17, 1981, John J. Garvey, was transferred from the Ready Reserve to Reserve Readiness Command Region Four Records Review status in training category "I". Training category "I" denotes a medical diagnosis of "Not Physically Qualified" for further participation in a drilling unit.

8. Commencing July 17, 1981 Mr. Garvey. was "Not Physically Qualified" to perform active duty for training. The Records Review status he was transferred to on that date precluded the possibility of his being required to perform active duty for training.

9. Commencing on July 7, 1981, Mr. Garvey was neither required to perform active duty for training nor inactive duty training which was creditable for retirement.

10. On July 17, 1981, the aforementioned group policy insured eligible group "members", including John J. Garvey, for the sum of $20,000 in term life insurance.

11. On July 17, 1981, the date of his change in military status, John J. Garvey was totally disabled and, therefore, the insurance coverage on his life was extended for a period of one year after July 17, 1981, in accordance with the provisions of 38 U.S.C. § 768(a)(4)(A).

12. Effective December 1, 1981, by Act of Congress the maximum amount of insurance upon the lives of eligible "members" of the uniformed services was increased to $35,000.

13. At the time of his death on January 6, 1982, John J. Garvey was still insured under the aforementioned policy of insurance by reason of the one year extension of benefits contained therein and set forth more fully in paragraph 8.

14. Defendant has paid the Plaintiff $20,390.20 in life insurance benefits, representing the policy face value and interest on claim payments, her entitlement to which was undisputed.

## DISCUSSION

As the parties observe, the crucial point to be determined here is whether the decedent was a "member" under the terms of the statute as of December 1, 1981, thus entitling him to the $15,000.00 increase in coverage. We conclude that he was not such a "member" because he could not meet the requisite qualifications set forth

in 38 U.S.C. § 765(5)(B) due to his disability.

The term "member" is defined in the statute, for our purposes, as follows:

A person who volunteers for assignment to the Ready Reserve of a uniformed service and is assigned to a unit or position in which he may be required to perform active duty, or active duty for training and each year will be scheduled to perform at least twelve periods of inactive duty training that is creditable for retirement purposes under chapter 67 of title 10.

38 U.S.C. § 765(5)(B). SGLI coverage is provided only for "members" of the Ready Reserve who meet the qualifications set forth above. 38 U.S.C. § 767(a)(2). On July 17, 1981, John Garvey was no longer able to perform active duty for training. Stipulation ¶ 9. Thus, we conclude that Mr. Garvey was not a "member" for coverage purposes under the statute. *Foreman v. Prudential Ins. Co.*, 657 F.2d 717, 720 (5th Cir.1981). Mr. Garvey was covered for $20,000.00 under his original policy, which had been extended for a one-year term pursuant to 38 U.S.C. § 768(a)(4)(A). The wording of the 1981 amendment which increased the maximum coverage provides that the increase "shall be effective ... the first day a Ready Reserve *meets the qualifications* set forth in section 765(5)(B) ... " 38 U.S.C. § 767(a) (West Supp.1983) (emphasis added). The amendment increasing the maximum coverage did not become effective until December 1, 1981. Stipulation ¶ 12. Mr. Garvey did not meet the qualifications of § 765(5)(B) on December 1, 1981. Stipulation ¶¶ 8–11. We find, therefore, that he did not qualify for the increased coverage under the amendment. The corrollary of this finding is the conclusion that Congress only intended to cover under the increase those qualifying members, of which Mr. Garvey was not. SGLI is accordingly entitled to summary judgment. The following Order is therefore entered.